UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS                                                        NO. 06-140

COLBURN BAGGETT                                     SECTION "R" (4)


**ORDER AND REASONS**

Defendant Colburn Baggett moves for early termination of supervised release.[1] For the following reasons, the Court grants the motion.

## I.    BACKGROUND

On April 18, 2007, defendant was convicted of possession with intent to distribute five kilograms of cocaine hydrochloride.[2] He was sentenced to ten years imprisonment and a five-year term of supervised release.[3] Defendant's term of supervised release began on January 16, 2015, when he was released from prison.[4] Defendant now moves to terminate supervision. The Government opposes the motion.

---

[1]     R. Doc. 40.
[2]     R. Doc. 39.
[3]     *Id.*
[4]     R. Doc. 44 at 1.

1

## II.   STANDARD

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Before doing so, the court must consider the factors set forth in 18 U.S.C. § 3553(a).  *See id.* § 3583(e).  Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available.  *Id.* § 3553(a).  Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release.  *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

## III.   DISCUSSION

In support of his motion, defendant asserts that he has complied with all conditions of supervised release.[5]  He states that he has been employed as

---

[5]   R. Doc. 40-1 at 1.

a truck driver since his release from imprisonment.[6] Because of his supervision, he explains, he has been denied the opportunity to travel and has been denied entry in certain restricted facilities.[7] Defendant's probation officer supports the early termination of his supervised release.

In its opposition to defendant's motion, the Government notes that compliance with the conditions of supervised release does not, in and of itself, support early termination.[8] *See Karacsonyi v. United States*, 152 F.3d 918 (2d Cir. 1998) (unpublished table decision) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release."). The Government also notes that defendant has a prior conviction for a felony drug offense.[9] If the Government had filed a bill of information under 21 U.S.C. § 851 establishing this prior conviction, the defendant's minimum term of supervised release would have been ten years. *See* 21 U.S.C. § 841(b)(1)(A). The Government nevertheless states that it would reconsider its position if defendant offered evidence showing significant hardships that cannot be adequately addressed by other means.[10]

---

6 *Id.*
7 *Id.*
8 R. Doc. 44 at 3.
9 *Id.*
10 *Id.*

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination is warranted by the defendant's conduct and the interest of justice. Defendant's counsel represents that denial of the opportunity to travel and denial of entry into restricted areas imposes a significant hardship on defendant by impeding his ability to work as a truck driver. This hardship goes against the purpose of supervised release, which is "to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also United States v. Landry*, No. 96-97, 1999 WL 605476, at *1 (E.D. La. Aug. 11, 1999) (terminating supervised release to permit defendant "to continue his rehabilitation by returning to his previous employment and possibly earning a higher income from legitimate, noncriminal activity"). Moreover, defendant has complied with the conditions of his supervised release for over three years, and his probation officer supports early termination. Although defendant's prior felony drug conviction weighs against termination of supervised release, the Court finds that this conviction is outweighed by defendant's compliance and the hardships imposed by supervision on defendant's ability to work.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for early termination of supervised release is GRANTED.

New Orleans, Louisiana, this \_\_4th\_\_ day of June, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE